# UNITED STATES DISTRICT COURT

for the

Northern District of Indiana

United States of America
v.
ANTONIO CURIEL

*Defendant(s)*

Case No. 3:24-MJ-24 MGG

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of March 20, 2024 in the county of LaPorte in the Northern District of Indiana, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 21 U.S.C § 841 (a)(1) | Possession of a controlled substance with the intent to distribute. |

This criminal complaint is based on these facts:

See Affidavit of Timothy R. Dernulc, Task Force Officer, Drug Enforcement Administration (DEA)

☑ Continued on the attached sheet.

*Complainant's signature*

Timothy R. Dernulc, TFO, DEA

*Printed name and title*

Sworn to before me and signed in my presence.

Date: 03/22/2024

s/Andrew P. Rodovich

*Judge's signature*

City and state: Hammond, IN

Hon. Andrew Rodovich

*Printed name and title*

# AFFIDAVIT

I, Timothy R Dernulc, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

I am a Task Force Officer with the Drug Enforcement Administration (DEA) and have been a TFO since August of 2022. I am currently assigned to the DEA Merrillville District Office Task Force 73, a group composed of Federal, State, and Local Law Enforcement officers investigating narcotics trafficking and money laundering violations under Titles 18 and 21 of the United States Code. Additionally, I am employed with the Porter County Sheriff's Office as a Police Officer and have been so employed since July of 2014. As part of my duties as a DEA Task Force Officer, I investigate criminal violations relating to narcotics trafficking offenses, including criminal violations of the Federal Controlled Substance laws, including, but not limited to, Title 18, United States Code, Sections 1956 and 1957, and Title 21, United States Code, Sections 841, 843, 846, 848, 952 and 963. I have been involved with various electronic surveillance methods as well as the debriefing of defendants, informants, witnesses, and others who have knowledge of the distribution, transportation, storage, and importation of

controlled substances.

## PERSON TO BE ARRESTED

I seek to arrest and criminally complain Antonio CURIEL (DOB 10/XX/1980) for violations of Title 21, United States Code, Section 841(a)(1). Based on my training and experience, I know that it is a violation of Title 21, United States Code, Section 841(a)(1) for a person to possess with intent to distribute a mixture or substance containing a detectable amount of cocaine.

## THE INVESTIGATION

The information contained in this affidavit was developed during an investigation conducted by the LaPorte County Sheriff's Department. Further information was gathered by the DEA relating to possession with intent to distribute cocaine by Antonio CURIEL in LaPorte County in the Northern District of Indiana.

1. On March 20th, 2024, at approximately 8:09 am, Laporte County Sheriff's Department Sergeant Wade Wallace was on duty on Interstate 90 in Laporte County, Northern District of Indiana. Sergeant Wallace observed an orange Hyundai Kona with a California license plate traveling eastbound. Sergeant Wallace saw the vehicle speeding by traveling 77 miles per hour in a 70 mile per hour zone. Sergeant Wallace conducted a traffic stop on the vehicle at mile marker 56.

2. Sergeant Wallace approached the vehicle and learned there were

3 people in the car. Sergeant Wallace made contact with the occupants of the vehicle through the passenger side window and identified the driver as Antonio CURIEL by means of a California Identification Card. Sergeant Wallace requested that CURIEL accompany him to his police vehicle, and CURIEL obliged.

3. While Sergeant Wallace was investigating the speeding infraction and obtaining information about both CURIEL and the vehicle, Laporte County Sheriff's Department Officer Jonathon Samuelson arrived and deployed his K9 partner around the orange Hyundai Kona. Officer Samuelson's K9 partner positively alerted to the odor of narcotics emitting from the vehicle. Following the positive K9 alert, Sergeant Wallace informed CURIEL that he believed CURIEL possessed illegal narcotics. CURIEL confirmed he did and stated, "many, too many." After being advised of his *Miranda* Warnings, CURIEL admitted to possessing "more than 12" kilos.

4. During a search of the vehicle following the positive K9 alert, officers recovered a duffel bag containing brick-shaped packages, a cardboard box containing brick-shaped packages, and a backpack containing one brick-shaped package. All of the recovered brick-shaped packages were consistent with packaging for narcotics, and all of the packages contained a white powder substance consistent with cocaine.

5. Sergeant Wallace asked CURIEL if the packages contained

cocaine, and CURIEL confirmed that they did. CURIEL indicated that he was getting paid to deliver the cocaine to someone in the Boston area.

6. The substance from the brick-shaped packages field tested positive for cocaine. The brick-shaped packages were later weighed, and they total 46.90 pounds (21.2 kilograms).

## CONCLUSION

Because this affidavit is being submitted for the limited purpose of establishing probable cause for the issuance of an arrest warrant and a complaint charging Antonio CURIEL with violations of Title 21, United States Code, Section 841(a)(1), it does not contain all information known to me concerning this investigation.

Further your affiant sayeth not.

Timothy R. Dernulc, Task Force Officer
Drug Enforcement Administration

Subscribed and sworn before me
this 22nd day of March, 2024.

s/Andrew P. Rodovich

Honorable Andrew Rodovich
United States Magistrate Judge
Northern District of Indiana
Hammond Division