UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 3:24-CR-22 CCB SJF |
| | ) | |
| ANTONIO CURIEL | ) | |

# UNITED STATES' SENTENCING MEMORANDUM

Comes now the United States of America, by its counsel, Tina L. Nommay, Acting United States Attorney for the Northern District of Indiana, through Joel Gabrielse, Assistant United States Attorney, and submits the following memorandum in preparation for the sentencing hearing in this case.

The government agrees with the information and calculations set forth in the final presentence investigation report (PSR, DE 49). The government recommends a sentence at the low end of the Guidelines range.

With respect to some of the factors listed in 18 U.S.C. § 3553(a), the government advises the Court as follows:

## Nature and Circumstances of the Offense

Antonio Curiel was transporting more than 18 kilograms of cocaine from California to the East Coast in a rental SUV. His route took him through Northern Indiana. The drugs were discovered during a traffic stop, and Mr. Curiel admitted that he was being paid for his transportation services.

Moreover, he admitted that this was not his first time making such a trip. (PSR, ¶ 11)

There was no indication that any weapons, violence, or threats were associated with Mr. Curiel's commission of the incident offense.

## History and Characteristics of the Defendant

Currently age 44, Mr. Curiel's criminal history includes a federal immigration felony conviction from 2005, a marijuana conviction from 2008, a drug felony from 2012, and a firearm felony from 2023.

Mr. Curiel's reported employment history is more extensive than most federal criminal defendants. None of the details of this history have been corroborated, however. His report of steady construction work in Southern California is curious in light of his travels: he has admitted making multiple prior drug transportation trips. (PSR, ¶ 11) Then in May 2023 he was traveling in a vehicle on Illinois roads. (PSR, ¶¶ 35-36). In March 2024 he was again traveling across the country for multiple days as part of the incident offense.

Mr. Curiel reports having fathered 7 children with 5 different women. According to the PSR, he has little history of communication with them, and even less history of meaningful parenting. He claims to make some financial support contributions for some of these children.

Mr. Curiel apparently had a difficult childhood. He reports having strained relationships with various family members who abused drugs, although Mr. Curiel reports a significant pattern of substance abuse for himself as well. By the time he was arrested for the incident offense, he was apparently using cocaine every day. He reports that he has never attended drug treatment (PSR, ¶ 60), although a federal court ordered him to participate as part of his supervised release in the Southern District of California. (PSR, ¶ 30)

**Just Punishment, Adequate Deterrence, and Respect for the Law**

In general, similar sentences for similarly situated defendants provide just punishment and promote respect for the law. Likewise, the same factors generally promote deterrence. In general, the Guidelines provide the best hope for consistent sentencing. *United States v. Woods*, 2018 WL 10229903 (N.D. Ind. 2018). "[T]he best way to curtail 'unwarranted' disparities is to follow the Guidelines, which are designed to treat similar offenses and offenders similarly." *United States v.* Bartlett, 567 F.3d 901, 908 (7th Cir. 2009). Indeed, the Guidelines "seek to embody the § 3553(a) considerations, both in principle and in practice." *Rita v. United States*, 551 U.S. 338, 350 (2007). Thus, although the Guidelines are advisory rather than mandatory, "it is fair to assume that the Guidelines, insofar as practicable, reflect a rough approximation of sentences that might achieve § 3553(a) objectives." *Id.*

In this case, the application of the Guidelines provides an appropriate framework. The Guidelines fairly account for the circumstances of Mr. Curiel's transportation of cocaine. They also fairly account for his criminal history. Due to his timely acceptance of responsibility and the fact that this sentence will be the longest that he has ever faced, a sentence at the low end of the Guideline range in the present case is sufficient.

A sentence within the Guidelines framework, and at the low end of the applicable range, is appropriate.

## Conclusion

The government recommends a sentence at the low end of the Guideline range.

Dated: May 8, 2025

Respectfully submitted,

TINA L. NOMMAY
ACTING UNITED STATES ATTORNEY

By: *s/ Joel Gabrielse*

Joel Gabrielse
Assistant United States Attorney
United States Attorney's Office
204 S. Main Street, Room M01
South Bend, IN 46601
Telephone: 574-236-8287
Email: Joel.Gabrielse@usdoj.gov